# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Leonard Brown, | No. CV-23-01000-PHX-JJT (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation (Doc. 23, R&R) issued by United States Magistrate Judge James F. Metcalf disposing of Petitioner Frank Leonard Brown's Petition for Writ of Habeas Corpus (Doc. 1, Petition). The R&R recommends that the Court dismiss with prejudice several of the grounds for relief set forth in the Petition as procedurally defaulted, dismiss with prejudice several other of the asserted grounds for relief as procedurally barred,[1] and deny the remaining grounds for relief on the merits. Petitioner filed a timely Objection to the R&R (Doc. 34, Objection), and Respondents filed a Reply (Doc. 35, Reply).

Petitioner submitted between thirty and forty grounds for habeas relief, depending upon whether one counts certain sub-grounds as distinct items. Judge Metcalf addressed

---

[1] Judge Metcalf employs the terms "procedural default" and "procedural bar" to refer to what the Ninth Circuit has denominated as "implied procedural bar" and "explicit procedural bar," respectively. (R&R at 9–10 & n.5.) As Judge Metcalf explains in his R&R, he feels that the former nomenclature is more technically descriptive. (*Id.*) The Court adopts Judge Metcalf's terminology.

each of these grounds in a thoroughgoing and painstakingly detailed R&R spanning eighty-six pages. The Court has reviewed the R&R in its entirety and is satisfied with its reasonableness. The Court will not summarize the full R&R here but will instead address it only as is necessary to adjudicate Petitioner's Objection.

After carefully considering the extent to which Petitioner properly exhausted his state remedies concerning each of his grounds for relief, Judge Metcalf concluded that Petitioner's claims were either procedurally defaulted or procedurally barred with respect to Grounds 1(a)–(d), 2(a)–(h), 3(b)(ii), 3(c), 3(f)(ii), 3(*i*)(i)–(iv), 3(k), 4(a)(ii), 4(c)(i)–(ii), 4(d), and 4(e). (R&R at 35.) Thus, Judge Metcalf considered the merits of Grounds 3(a), 3(b)(i), 3(d), 3(e), 3(f)(i), 3(g), 3(h), 3(*i*)(v), 3(j)(i)–(ii), 4(a)(i), and 4(b). (*Id.*) Petitioner offers no objection to any of Judge Metcalf's predicate recommendations regarding exhaustion. Instead, Petitioner argues that his failure to exhaust certain grounds should be excused. (Objection at 4–7.) Petitioner contends that two sources of cause exist.

Petitioner asserts that his various procedural missteps should be excused because they are traceable to ineffective assistance of appellate counsel. Petitioner presented this same argument to Judge Metcalf, who analyzed it in depth. (R&R at 33–40.) Rather than directly address anything that Judge Metcalf wrote in his examination of cause, Petitioner asserts in a highly generalized manner that all procedural defaults should be excused because he was deprived of effective assistance of counsel at his PCR proceeding and that the absence of skilled counsel at the PCR stage operates to excuse the failure to raise arguments at that proceeding and, by association, the failure to raise arguments at trial and on direct appeal. Petitioner relies primarily on *Martinez v. Ryan*, 566 U.S. 1 (2012), in which the Supreme Court held that a habeas petitioner's arguments concerning ineffective assistance of trial counsel are not procedurally defaulted by an incompetent or nonexistent PCR attorney's failure to raise them. (Objection at 4–7.) This argument is unavailing to Petitioner, as *Martinez* is not analogous to the instant case.

In *Martinez*, the petitioner's PCR attorney filed a notice indicating that she could find no colorable grounds for relief. 566 U.S. at 6. Martinez himself was denied an

opportunity to argue for relief on his own behalf, as he was not informed that his counsel had initiated a PCR proceeding. *Id.* By the time Martinez learned of the PCR proceeding and his right to file a *pro se* petition therein, the deadline to file had passed. *Id.* Thus, in *Martinez,* any failure to raise colorable arguments regarding the petitioner's receipt of defective counsel at trial was immediately and solely attributable to his PCR attorney's ineffectualness. The Supreme Court held that, under Arizona's PCR scheme, a procedural default of claims for ineffective assistance of trial counsel will not bar a federal habeas court from considering those claims where "there was no counsel [in the PCR proceeding] or counsel in that proceeding was ineffective." *Id.* at 17.

Here, as in *Martinez,* Petitioner's PCR counsel filed a Notice of Completion indicating an inability to find a colorable issue for relief after a full review of the record. (R&R at 3.) Crucially, however, and unlike in *Martinez*, Petitioner in this case was both afforded an opportunity to argue for PCR on the basis of ineffective assistance and actually availed himself of that opportunity, filing a forty-page *pro se* PCR petition that sought relief in part on the basis of ineffective assistance. (R&R at 3; Doc. 11-16 Ex. QQQQ.) As is relevant to the instant discussion of whether Petitioner's PCR counsel's performance constitutes cause, Judge Metcalf applied the doctrine of procedural default only to those instances of alleged ineffective assistance of counsel that Petitioner himself failed to raise in his PCR petition. Judge Metcalf addressed the substance of several of Petitioner's assertions of ineffective assistance of counsel, including the contention that Petitioner's appellate counsel committed error by not arguing *Brady* violations related to purportedly exculpatory evidence in the form of a pill bottle and certain vaginal photographs. (*See* R&R at 11–14, 38–40.) In other words, and in stark contrast to *Martinez*, Judge Metcalf actually adjudicated the claims of ineffective assistance of counsel that Petitioner fairly presented and properly exhausted. Therefore, *Martinez* is unavailing to Petitioner, as the source of procedural default in *Martinez* bears little relation to the source of procedural default here. In *Martinez*, the petitioner was able to utilize his PCR attorney's ineffectualness as cause to excuse procedural default because the procedural default was traceable to that attorney's

ineffectualness, but in this case the procedural default is traceable to Petitioner's own choice to forego certain arguments in his forty-page PCR petition.

Additionally, Respondents are correct that *Martinez* is inapplicable to claims for ineffective assistance of appellate counsel. (*See* Reply at 4.) The Supreme Court has expressly declined "to extend *Martinez* to allow a federal court to hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim." *Davila v. Davis*, 582 U.S. 521, 529 (2017). Here, although Petitioner asserts that his PCR attorney incompetently failed to raise certain arguments relating to his trial counsel's inefficacy, the main thrust of Petitioner's argument is that his PCR attorney ineffectually failed to raise claims of his appellate counsel's ineffective assistance. Petitioner's objective in criticizing his PCR attorney is to revive his ability to argue ineffective assistance of appellate counsel for the purpose of then using that claim as cause to excuse his appellate counsel's failure to raise certain claims on direct appeal. That strategy, if successful, would allow Petitioner to avoid some (but not all) of the procedural defaults found by Judge Metcalf. As described above, the Court concludes that Petitioner's invocation of *Martinez* is a misapplication of that case, as *Martinez* is not analogous to the present matter. However, even if *Martinez* could apply here as a matter of pure logic, the Court agrees with Respondents that such application would be largely foreclosed by the Supreme Court's subsequent holding in *Davila*. Indeed, the Ninth Circuit has clarified that some of the cases relied upon by Petitioner are no longer good law in the wake of *Davila*. *See e.g.*, *Hurles v. Ryan*, 914 F.3d 1236, 1237–38 (9th Cir. 2019) (holding that *Davila* displaced *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), the latter being a case cited by Petitioner, (*see* Objection at 6)).

Petitioner's other argument that there exists cause to excuse his procedural defaults is that the COVID-19 pandemic and the prison's response thereto prevented him from adequately formulating his PCR petition. This argument is inconsistent with the facts. As noted, Petitioner composed a forty-page PCR petition, which he submitted nine months

after the prison went into "lockdown." (Objection at 4; Doc. 11-16 Ex. QQQQ.) Absent a particularized explanation of the pandemic's effect on his ability to present specific arguments, Petitioner cannot claim that external conditions caused him to procedurally default upon certain arguments in a filing in which he successfully preserved the merits of numerous other, similar arguments. The Court therefore rejects both of Petitioner's assertions regarding excusal for cause of procedural default. The Court will adopt Judge Metcalf's findings regarding procedural defaults and procedural bars.

Having addressed Petitioner's procedural arguments, the Court now turns to his arguments on the merits. In adjudicating his Objection, the Court will not comment upon any merits arguments that relate to claims upon which Petitioner has procedurally defaulted. Thus, the Court does not address Petitioner's substantive arguments relating to Grounds 1(a)–(d), Ground 2(a), or Ground 2(e)(i). (*See* Objection at 10–14.) Judge Metcalf devoted forty-two pages of his R&R to addressing the merits of twelve of Petitioner's asserted grounds for relief, (*see* R&R at 43–84), but Petitioner presents argumentation concerning only one of those grounds. Accordingly, the Court does not address the eleven other merits determinations reached by Judge Metcalf.

In Ground 3(*i*)(v), Petitioner argues that his trial counsel was ineffective for failing to object to the prosecution's references to Petitioner's silence. (R&R at 69–72.) At trial, the prosecutor stated to the jury (1) that the defense had failed to "address[]" and "explain" Petitioner's prior incriminating statements and (2) that the defense's narrative about a conversation between Petitioner and his trial counsel was unsupported and inadmissible given that Petitioner had elected not to testify. (R&R at 70.)

In his Objection, Petitioner cites caselaw from both the Supreme Court and the Ninth Circuit establishing that a prosecutor may not suggest that a defendant's exercise of his right to remain silent in indicative of guilt. However, as Judge Metcalf explained and as Petitioner expressly recognizes in his Objection, a prosecutor is not prohibited from noting to the jury that a defendant has failed to adduce evidence rebutting a prior incriminating statement. (*See* R&R at 71; Objection at 15 (citing *United States v. Caruto*,

|   |   |
|---|---|
| 1 | 532 F.3d 822, 830 (9th Cir. 2008), for the proposition that "the crucial question is whether |
| 2 | the prosecution['s] comments at trial were designed to draw meaning from silence[,] which |
| 3 | is constitutionally prohibited[,] or whether they [] sought to elicit an explanation for the |
| 4 | prior inconsistent statements at trial[,] which is permissible").) |

Here, the prosecution's oblique references to Petitioner's silence were not intended to attribute, and could not be reasonably interpreted as attributing, meaning to his silence. Instead, as Judge Metcalf explained:

> The first set of statements were not objectionable as a comment on Petitioner's silence. Rather, the comment was directed to the failure of the defense to provide a reason for the jury to reject Petitioner's own incriminating statements. As in [*United States v.*] *Soulard*, [730 F.2d 1292 (9th Cir. 1984)], taken in context the comments were not directed at Petitioner's silence, but the defense's failure to address significant, incriminating evidence.
>
> . . . .
>
> The second set of statements did not ask the jury to infer guilt from Petitioner's silence, but to conclude that defense counsel was arguing points not in evidence, *i.e.* that Petitioner wanted to subpoena the victim to testify at trial. Petitioner or his counsel would be the natural ones to offer evidence to support such a contention, and since Petitioner had not testified, and counsel could not testify, there was no supporting evidence for defense counsel's argument.
>
> In sum, there was no valid objection for trial counsel to make to these arguments, and Ground 3(i)(v) is without merit.

(R&R at 71–72.) Petitioner does not explain in what way Judge Metcalf's analysis is erroneous. Although Petitioner succeeds in setting forth the legal standards that govern a prosecutor's verbal acknowledgment of a defendant's silence, Petitioner fails to show how those legal standards applied to the facts of this case lead to an outcome different from that reached by Judge Metcalf. Given the reasonableness of Judge Metcalf's analysis, and given the absence of a substantively meaningful objection thereto, the Court will adopt Judge Metcalf's determination that Ground 3(*i*)(v) is without merit.

Petitioner makes two final ancillary arguments in his Objection. First, Petitioner attacks Judge Metcalf's denial of an evidentiary hearing, but Petitioner's objection is

deficient for the same reasons already identified in the R&R. As Judge Metcalf explained, "where a petitioner does not proffer any evidence to be adduced at an evidentiary hearing which would prove the allegations of the petition, the habeas court need not grant a hearing." (R&R at 7.) Judge Metcalf then wrote that "[h]ere, Petitioner fails to identify any specific claim or issue or other proper purpose for such an evidentiary hearing or to suggest what evidence might be presented." In his Objection, Petitioner again presents vague and abstract assertions regarding the trial court's mishandling of the evidence, and he again argues that the presumption of correctness does not obtain and that an evidentiary proceeding is necessary, but Petitioner wholly fails to identify what he would present at such a hearing. (Objection at 8–9.) The Court agrees with Judge Metcalf that an evidentiary hearing would serve no purpose here.

Second, Petitioner argues that the Court should reject Judge Metcalf's recommendation to deny a Certificate of Appealability (CoA). In his Objection, Petitioner initially sets forth the correct standard governing the CoA analysis for claims dismissed on procedural grounds. In a case cited by Petitioner, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Despite citing *Slack*, Petitioner later conflates the standard for CoAs based on procedural dismissals with the standard for CoAs based on substantive denials. As the Supreme Court explained in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Petitioner's assignment of error based upon Judge Metcalf's failure to address the merits of those claims that were dismissed on procedural grounds is therefore inapt, as Judge Metcalf would not need to

consider the debatability of those claims' merits unless he also determined that his procedural conclusions were debatable. (*See* Objection at 3–4.)

That distinction between the applicable legal standards is immaterial, however, as Petitioner fails to meaningfully explain how any aspect of Judge Metcalf's R&R is debatable. Although Petitioner states repeatedly that the R&R reaches debatable conclusions, he never substantiates that assertion. As the Court does not independently perceive Judge Metcalf's recommendation to be debatable, and as Petitioner does not establish anything to the contrary, the Court will decline to issue a Certificate of Appealability.

**IT IS THEREFORE ORDERED** overruling the Objection (Doc. 34) and adopting the R&R's (Doc. 23) recommendations and underlying analysis.

**IT IS FURTHER ORDERED** denying and dismissing the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) as follows:

1. Grounds 1(a), 1(b), 1(c), 1(d), 2(a), 2(b), 2(c), 2(d), 2(e), 2(f), 2(g), 2(h), 3(b)(ii), 3(c), 3(f)(ii), 3(*i*)(i), 3(*i*)(ii), 3(*i*)(iii), 3(*i*)(iv), 3(k), 4(a)(ii), 4(c)(i), 4(c)(ii), 4(d), and 4(e) are dismissed with prejudice;
2. Grounds 3(a), 3(b)(i), 3(d), 3(e), 3(f)(i), 3(g), 3(h), 3(*i*)(v), 3(j)(i), 3(j)(ii), 4(a)(i), and 4(b) are denied.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability in this matter.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter and enter judgment accordingly.

Dated this 24th day of April, 2025.

Honorable John J. Tuchi
United States District Judge